UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO (TOLEDO)
WESTERN DIVISION

| | |
|---|---|
| CORY A. PERKINS, | CASE NO. 3:14CV2572 |
| Petitioner, | JUDGE JAMES S. GWIN |
| v. | Magistrate Judge George J. Limbert |
| MICHELLE MILLER, Warden, | |
| Respondent. | **REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |

On November 21, 2014, Petitioner Cory A. Perkins ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1. Respondent Michelle Miller, Warden of Belmont Correctional Institution ("Respondent"), filed a return of writ on March 16, 2015. ECF Dkt. #11. On June 19, 2015, Petitioner filed a motion to stay or dismiss/withdraw his federal habeas petition without prejudice ("Motion to Stay or Dismiss"). ECF Dkt. #15. Respondent filed an Opposition to Petitioner's Motion to Stay on June 22, 2015. ECF Dkt. #16.

For the following reasons, the undersigned recommends that the Court DENY Petitioner's Motion to Stay or Dismiss insofar as it requests that the Court stay the proceedings, and GRANT Petitioner's Motion to Stay or Dismiss insofar as it requests that the Court dismiss this action without prejudice.

## I.   LAW AND ANALYSIS

In his Motion to Stay or Dismiss, Petitioner indicates that he timely filed an appeal to the Third District Court of Appeals, Hancock County, Ohio, and that he was represented by counsel at the time of the appeal. ECF Dkt. #15 at 2. Petitioner also indicates that he has not retained counsel since his appeal to the Third District Court of Appeals, and has been pro se since the appeal. *Id.* Petitioner admits that his claims are not yet properly exhausted. *Id.* at 2-3. Accordingly, Petitioner asks that the Court either stay the proceedings or dismiss/withdraw his

federal habeas petition without prejudice. *Id.* at 3.

Respondent only opposed Petitioner's request to stay the proceedings. ECF Dkt. #16 at 1. Respondent argues that despite Petitioner's acknowledgment that he has state court remedies left to pursue before his claims will be properly exhausted, Petitioner fails to identify how he intends, at this late date, to pursue the state court remedies necessary to properly exhaust his claims. *Id*. Respondent also argues that Petitioner's habeas petition does not contain both exhausted and unexhausted claims, and thus the stay and abeyance procedure is inapplicable. *Id*. at 2-3. Respondent did not oppose Petitioner's request to dismiss his federal habeas petition without prejudice.

The United States Supreme Court has opined that stay and abeyance, if employed too frequently, would undermine the Antiterrorism and Effective Death Penalty Act's ("AEDPA") objective of encouraging finality by: (1) allowing a petitioner to delay resolution of federal proceedings; and (2) decreasing a petitioner's incentive to exhaust all his claims in state courts prior to filing his federal habeas petition. *Rhines v. Weber,* 544 U.S. 269, 277 (2005). The Supreme Court continued, stating:

> [S]tay and abeyance should only be granted in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to state court, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.

*Id.*

In the instant case, Petitioner has not shown good cause for his failure to properly exhaust his claims in state court. The only reasoning Plaintiff provided for his failure to properly exhaust his claims is that he is not educated in law and that he has limited access to legal materials. ECF Dkt. #15 at 2. If the reasons provided by Petitioner constitute good cause, nearly every petitioner who failed to exhaust his claims would have good cause for his or her failure to exhaust. Accordingly, a finding that Petitioner has good cause for his failure to exhaust would be contrary to both *Rhines* and the objective of the AEDPA.

Based on Petitioner's Motion to Stay or Dismiss, it does not appear that Petitioner has a preference as to whether the Court stay his habeas proceedings or dismiss his federal habeas

petition without prejudice. Petitioner has failed to establish that a stay is appropriate in this case. Respondent does not oppose Petitioner's request that the Court dismiss his federal habeas petition without prejudice. Further, the Sixth Circuit has held that if a timely petition contains only unexhausted claims, the district court should dismiss the petition and direct that the petitioner pursue his or her state remedies in a timely manner, usually within thirty days thereafter, and refile the petition within thirty days following exhaustion. *Griffin v. Rogers*, 308 F.3d 647, 651-52 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717, 720-21 (6th Cir. 2002); *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002).

Accordingly, the undersigned recommends that Petitioner's federal habeas petition be dismissed without prejudice. Petitioner is cautioned that the statute of limitations may impact his future ability to bring the claims contained in his federal habeas petition.

## II. CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court DENY Petitioner's Motion to Stay or Dismiss insofar as it requests that the Court stay the proceedings, and GRANT Petitioner's Motion to Stay or Dismiss (ECF Dkt. #15) insofar as it requests that the Court dismiss this action without prejudice. If the Court adopts the instant Report and Recommendation, Petitioner's Motion for an Evidentiary Hearing (ECF Dkt. #5) will become moot.


DATE:  June 26, 2015         */s/ George J. Limbert*
                              GEORGE J. LIMBERT
                              UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).